D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x

| | |
|---|---|
| **KRESHNIK HOTI and DESIART YMERAGA,** | CASE NO. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| **PATSY'S ITALIAN RESTAURANT INC., d/b/a PATSY'S ITALIAN RESTAURANT, and SAL SCOGNAMILLO,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

-------------------------------------------------x

Plaintiffs allege as follows:

## INTRODUCTION

1. In its heyday, Patsy's Italian Restaurant was a favorite hangout for the legendary Frank Sinatra. In its current form the Restaurant is just like any other over-priced Italian eatery in a City full of over-priced Italian eateries, with the exception that Patsy's Restaurant also discriminates against and abuses Albanians. Patsy's Italian Restaurant goes out of its way to harass, belittle, insult, and abuse its Albanian employees. It appears that Patsy's took Ol' Blue Eyes's advice, for they certainly "did it [their] way." Unfortunately, their "way" is racist.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Section 1981, 42 U.S.C. § 1981, *et seq.* ("Section 1981"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Patsy's Italian Restaurant Inc., ("Patsy's") is a New York corporation that owns and operates Patsy's Italian Restaurant (the "Restaurant") located at 236 W 56th Street, New York, New York 10019.

5. Defendant Sal Scognamillo ("Defendant Sal") is a co-owner of Patsy's and works as the head chef and a manager at the Restaurant. Defendant Sal Scognamillo has authority to hire, fire, set the rate of pay and the terms of employment for Plaintiffs. Defendant Sal Scognamillo is Plaintiffs' employer.

6. Plaintiff Kreshnik Hoti has been employed by Defendants as a server beginning in 2017.

7. Plaintiff Desiart Ymeraga has been employed by Defendants as a server beginning in 2018.

**FACTS**

8. Defendants committed the following alleged acts knowingly, intentionally and willfully

9. Defendants own and operate the Pasty's Italian Restaurant located in New York City.

10. Plaintiff Hoti was born in the country of Kosovo and is of Albanian ethnicity and ancestry.

11. Plaintiff Hoti has been employed by Defendants as a server from early 2017 through the present.

12. Plaintiff Desiart Ymeraga was born in the country of Kosovo and is of Albanian ethnicity and ancestry.

13. Plaintiff Desiart Ymeraga has been employed by Defendants as a server from 2018 through the present.

14. Defendants have a deep seated, aggressive, and racist hatred towards Albanians.

15. Defendants' racist attitudes are heightened due to their longstanding legal disputes with a restaurant known as "Patsy's Pizzeria," which is owned by individuals of Albanian ancestry who Defendants claim have infringed on their name and likeness.

16. Based on their animosity towards "Patsy's Pizzeria", Defendants have stereotyped all Albanians and nurture a deep seated resentment and anger towards individuals of Albanian ethnicity and ancestry. Defendants' racism created a hostile work environment for Albanians, including Plaintiffs.

17. When Plaintiff Hoti began working at the Restaurant in 2017, he was told by his co-workers not to tell Defendants that he was Albanian because they "hate Albanians" and if they

found out he was Albanian they would fire him. That is, Defendants' hatred of Albanians was a well-known fact at the Restaurant.

18. In 2018, Defendants hired Plaintiff Ymeraga but were not aware that he was Albanian.

19. Plaintiffs could not hide their true race/ethnicity permanently, and Defendants eventually became aware that Plaintiffs were Albanian.

20. Once Defendants became aware that Plaintiffs were Albanian Defendant Sal began to verbally harass them and to select them for menial tasks and jobs that other non-Albanian servers were not required to do, as set forth in more detail below. Defendants treated Plaintiffs materially worse than other employees because they are Albanian.

21. Specifically, Defendant Sal would constantly say horrific and violent things in front of and to Plaintiffs because they were Albanian.

22. In one instance, when discussing rival restaurant Patsy's Pizzeria Defendant Sal screamed that "all Albanian deserve a bullet," that they "deserve to fuck their relatives", and that even "minor" relatives (i.e., children) deserve "to be fucked." Defendant Sal yelled this in front of Plaintiffs knowing that they are Albanian.

23. Defendant Sal routinely told Plaintiffs that "all Albanians are garbage."

24. Defendant Sal routinely told Plaintiffs they were "stupid" and "gay." Defendant Sal did not verbally belittle and harass the other employees who were not Albanian.

25. Many times while working in the kitchen in front of the entire staff, Defendant Sal said disgusting and offense things to Plaintiffs for being Muslim (many Albanians are Muslim). For example, Defendant Sal would say that "Albanians don't eat pork but they eat Pinga." Pinga is a slang word for "dick" or penis. When Defendant Sal, the owner and manager of the Restaurant,

4

verbally harassed and abused Plaintiffs, the entire staff would laugh along and join in mocking them.

26. In addition, Defendant Sal told other employees at the Restaurant to taunt and harass Plaintiffs. For example, Defendant Sal encouraged an employee known as Gerrardo to insult and mock Plaintiffs because they were Albanian. Gerrardo routinely called Plaintiffs "gay" and mocked them for supposedly having sex with men. Plaintiffs are not gay.

27. Defendant Sal bullied Plaintiffs because of their Albanian accents. Defendant Sal would pretend not to understand Plaintiffs' English, even though Plaintiffs are both fluent in English. Defendant Sal mocked Plaintiffs' accents, doing impressions of them and then laughing menacingly in their face.

28. Defendant Sal mockingly replied to Plaintiffs' English by speaking to him in an English/Spanish hybrid saying: "dice my favorite!" even though Plaintiffs do not speak Spanish. When Plaintiffs responded by saying they do not speak Spanish, Defendant Sal would simply laugh at them.

29. Defendant Sal singled out Plaintiffs for menial, lower, and unwanted job duties that are not part of servers' job duties because they are Albanian.

30. For example, during a shift, Defendant Sal would instruct Plaintiffs to leave the dining room floor to help in the kitchen making salads, cutting up moldy bread, making desserts, or helping to box up the to-go orders. The other servers who were not Albanian were not asked to do these menial job duties. On top of having to do these unwanted tasks, Plaintiffs were then required to work in close proximity to Defendant Sal who would spend his time berating, mocking, and verbally harassing Plaintiffs. He appeared to get pleasure in forcing Plaintiffs to do these tasks and reveled in his power to verbally insult them at the same time.

31. In another example, Defendant Sal ordered Plaintiffs to go on errands to buy things for the Restaurant during their breaks. Other servers, who are not Albanian, were not ordered to run errands for Defendants or work during their breaks.

32. Defendants intentionally cultivated a hostile work environment rife with racism against Albanians.

33. As a result of Defendants' actions, Plaintiffs have suffered emotional distress such as stress, anxiety, humiliation, embarrassment, loss of sleep, and depression.

34. Defendants constructively discharged Plaintiffs. Specifically, Defendants' hostile work environment was so intolerable that Plaintiffs were forced to quit. Defendants' actions are disgusting, unethical, and illegal.

## FIRST CLAIM FOR RELIEF
### The Civil Rights Acts - 42 U.S.C. § 1981, *et seq.* ("1981")
### Race/Ethnicity/Ancestry Discrimination

35. Plaintiffs reallege and incorporate by reference all previous paragraphs.

36. In violation of the 1981, Defendants intentionally discriminated against and/or aided and abetted discrimination against Plaintiffs on the basis of their Albanian race/ethnicity/ancestry.

37. Defendants' discrimination was sufficiently severe or pervasive as to affect the terms of Plaintiffs' employment.

38. Defendants constructively discharged Plaintiffs by creating such an intolerable hostile work environment that it forced Plaintiffs to resign.

39. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiffs' statutorily protected civil rights.

40. As a direct and proximate consequence of Defendants' discrimination against Plaintiffs, they have suffered, and continues to suffer, substantial monetary and non-monetary damages, including but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation, and anguish.

41. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for lost wages, back pay, and emotional distress; punitive damages; front pay; post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Human Rights Law ("NYSHRL")
### N.Y. Exec. L. §§ 290 et seq. – Race/Ethnicity Discrimination

42. Plaintiffs reallege and incorporate by reference all previous paragraphs.

43. In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiffs and/or aided and abetted discrimination against Plaintiffs on the basis of their Albanian race and ethnicity.

44. Defendants constructively discharged Plaintiffs by creating such an intolerable hostile work environment that it forced Plaintiffs to resign.

45. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiffs' statutorily protected civil rights.

46. As a direct and proximate consequence of Defendants' discrimination against Plaintiffs, they have suffered, and continues to suffer, substantial monetary and non-monetary damages, including but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation, and anguish.

47. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for lost wages, back pay, and emotional distress; punitive damages; front pay; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### New York City Human Rights Law ("NYCHRL")
### N.Y.C. Admin. Code § 8-107, et seq. – Race/Ethnicity Discrimination

48. Plaintiffs reallege and incorporate by reference all previous paragraphs.

49. In violation of the NYCHRL, Defendants intentionally discriminated against and/or aided and abetted discrimination against Plaintiffs on the basis of their Albanian race/ethnicity.

50. Defendants constructively discharged Plaintiffs by creating such an intolerable hostile work environment that it forced Plaintiffs to resign.

51. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiffs' statutorily protected civil rights.

52. As a direct and proximate consequence of Defendants' discrimination against Plaintiffs, they have suffered, and continues to suffer, substantial monetary and non-monetary damages, including but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation, and anguish.

53. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for lost wages, back pay, and emotional distress; punitive damages; front pay; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. An award of damages, according to proof, including compensatory and liquidated damages, to be paid by Defendants;

B. An award of punitive damages, to be paid by Defendants;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 42 U.S.C. § 1981, and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 16, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.