# FRANKLIN, GRINGER & COHEN, P.C.

| | | |
|---|---|---|
| Glenn J. Franklin | ATTORNEYS AT LAW | Ken Sutak |
| Martin Gringer | | *of counsel* |
| Steven Elliot Cohen | 666 OLD COUNTRY ROAD, SUITE 202 | |
| Michael S. Mosscrop | GARDEN CITY, NEW YORK 11530-2013 | |
| Jasmine Y. Patel* | TELEPHONE (516) 228-3131.  FAX (516) 228-3136 | |
| Danielle Mietus | | |
| *ADMITTED TO NY AND NJ | | |

November 8, 2024

*Via ECF*
The Honorable Jessica G. L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



Re:    *Hoti et al. v. Patsy's Italian Restaurant, et al.* 24 Civ. 6991 (JGLC)(HJR)
          *Hoti et al. v. Patsy's Italian Restaurant, et al.* 24 Civ. 6999 (JGLC)(HJR)

Dear Judge Clarke:

This firm represents Defendants Patsy's Italian Restaurant, Sal Scognamillo, Joseph Scognamillo and Lisa Scognamillo (together the "Patsy's Defendants") in the two (2) above referenced matters. The Patsy's Defendants respectfully submit this letter motion to request (a) a conference to set forth a briefing schedule for the motion to dismiss pursuant to Rule 12(b)(6); or, in the alternative, (b) stay the filing of a response to the Complaints[1] in both actions until after the settlement conference Your Honor ordered on October 10, 2024. Plaintiffs do not consent to a scheduling order or to stay the filing of a responsive pleading pending the settlement conference. A separate response to both Complaints are each due on November 12, 2024.

The Wage and Hour Complaint alleges four core claims. First, Plaintiffs' pay is allegedly short 18-24 hours per week of overtime hour because they were obligated to punch out for 3-4 hours per day in between lunch and dinner shifts. Second, Plaintiffs allege that the Patsy's Defendants concealed tip records to illegally retain tips and distributed the undisclosed amounts to themselves. Third, Defendants are not entitled to a tip credit pursuant to NYLL because they did not receive proper notice. Last, the Patsy's Defendants failed to provide wage notices and wage statements pursuant to NYLL § 195.

The Patsy's Defendants' position, as further explained below, is their time cards with recorded hours, acknowledged records and pay stubs with corresponding detail of wages all demonstrate that Plaintiffs were paid for all hours worked and all tips paid by customers. The records directly and fully refute each of the factual claims. Further, Defendants will also

---

[1] The first referenced matter, 24 Civ. 6991, is a wage and hour action pursuant to the Fair Labor Standards Act ("FLSA) and the New York Labor Law ("NYLL") ("Wage and Hour Complaint"). The second mater, 24 Civ. 6999, is a discrimination action. The proposed motion to dismiss concerns the Wage and Hour Complaint only.

demonstrate that they provided the proper notice to their employees to claim a tip credit pursuant to the NYLL, as well as wage notice and statements pursuant to NYLL § 195.

If Your Honor orders a stay until a settlement conference, the Patsy's Defendants are willing to produce the named Plaintiffs' time and pay records to facilitate settlement discussions and avoid any delays in discovery from a later filed motion to dismiss. As Your Honor noted in your October 10th Order, the "Court is likely to consolidate these actions for discovery". The filing of a single response after consolidation – by answer or motion to dismiss – would promote judicial economy by setting forth one single trial plan. These will be the same documents that would be filed with the motion to dismiss – as such, the parties could avoid any unnecessary motion practice and engage in a more meaningful settlement discussion with a complete record of the essential and relevant documentary evidence.

A briefing schedule will be necessary because the motion to dismiss will be based upon voluminous pay, time and tip records for at least 3 years of employment for both Plaintiffs. Both parties will require reasonable time to analyze and compile such documents for purposes of filing exhibits. As argued below, the proposed motion to dismiss has a meritorious basis because the documents directly refute Plaintiffs' specific allegations in the Wage and Hour Complaint.

**Background**

For 80 years, Patsy's Italian Restaurant ("Patsy's") has been a New York institution. Throughout its entire history, the restaurant has been family owned and operated. Defendant Sal Scognamillo, the restaurant's third generation owner and chef, is assisted in managing the restaurant by his son, Defendant Joseph Scognamillo, and his wife, Lisa Scognamillo.

Patsy's is a unionized business and has been for decades. The bargaining unit includes waiters, bussers, chefs and other non-supervisory positions. Patsy's provides regular reports to the Union, Unite-Here 100, of all bargaining unit employees with relevant information such as job description. No grievances have been filed against Patsy's concerning the subject matter of the Wage and Hour Complaint.

Prior to April 2024, Patsy's recorded the hours of each of its non-exempt employees by a traditional punch clock. Each employee would have their own time card which would be inserted into a machine with a time stamp. Each time card was used on a weekly basis. Each employee would also sign each timecard at the end of the week to verify the recorded hours. During this time period, Patsy's would record sales and credit card transactions through Heartland credit card processing. At the end of each night, sales and credit card transactions would be "batch settled" to process credit card transactions. Each "settled batch" would be recorded on a receipt each with its own document number with dates and time. These records will also separate daily sales and tips into separate line items. Employees signed daily reports memorializing tip pool allocation based on the "settled batch" record.

After April 2024, employee time records and sales/credit card transactions were recorded through a single computer application – Square. Each employee would have their own unique

login which they use to clock in and out through a computer terminal.  Square would also provide sales reports, on a customized basis, of sales and transaction information, including tips.

The tip pool works as follows.  All tipped employees are eligible to participate.  The bartender's tips are segregated from the general pool.  The remainder is divided equally between all waitstaff for each shift (lunch and dinner).

**Argument – The Records Demonstrate Full Compliance with Wage & Hour Laws**

A motion to dismiss for failure to state a claim, the Court may, in its discretion, consider "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, [and] (2) documents 'integral' to the complaint and relied upon it, even if not attached or incorporated by reference." Fridman v. GCS Computer LLC, 2019 WL 1017534, at *3 (S.D.N.Y. 2019) (citations omitted).  In Fridman, this Court accepted payroll and time records because Plaintiff alleged that "Defendants fail[ed] to accurately report [and] record … records of its employees".  Id.  Ultimately, the Court dismissed Plaintiff's claim upon examination of the records against the pleaded allegations of underpayment.  See id., at *5 (holding that Defendants, through submitted documents, "conclusively demonstrated that Plaintiff was paid properly for all overtime worked and that the allegations of unpaid overtime were based on a false premise").

Here, the records will <u>conclusively</u> demonstrate the following:

- All tips have been fully accounted for and distributed to tipped employees – conclusively contradicting Plaintiffs' claim that the Patsy's Defendants failed to disclose all tip receipts.  A sample of Defendants' tip records are annexed hereto as Exhibit A;
- The Patsy's Defendants provided compliant wage notices to Plaintiffs to warrant application of the tip credit to wages.  Plaintiffs' tip credit wage notices are annexed hereto as Exhibit B;
- The Patsy's Defendants provided compliant wage notices and statements pursuant to NYLL § 195.  Plaintiff's wage notices and sample statements are annexed hereto as Exhibit C;
- Plaintiffs' received spread of hours pay for shifts exceeding ten hours.  Plaintiffs' wage statements (annexed to Exhibit C) fully detail payment of spread of house; and
- Plaintiffs' time records do not, as a practice, reflect 3-4 hours "clocked out" in the middle of a work day.  Annexed hereto as Exhibit D are a sample of Plaintiffs' time records.

Defendants intend to submit records for all relevant years Plaintiffs have been employed.  While voluminous, the details will consistently and conclusively contradict Plaintiffs' claims for all years of employment.  Accordingly, Defendants' request for a briefing schedule and leave to file a motion to dismiss should be granted.

**Conclusion**

For all the reasons stated above, Defendants respectfully request that the Court order (a) a conference to set forth a briefing schedule for the motion to dismiss pursuant to Rule 12(b)(6);

or, in the alternative, (b) stay the filing of a response to the Complaints in both actions until after the settlement conference Your Honor ordered on October 10, 2024.

Respectfully submitted,

**FRANKLIN, GRINGER & COHEN, P.C.**

__/s/_____
Michael D. Yim

Attchs.

Cc:   All Counsel of Record (*via* ECF)

Application DENIED as moot in light of Defendant's Answer filed at ECF No. 16. The Clerk of Court is respectfully directed to terminate ECF No. 13.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: November 25, 2024
       New York, New York

4