```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**Kreshnik Hoti and Desiart Ymeraga, on behalf of themselves and others similarly situated**

Plaintiffs,

-against-

**Patsy's Italian Restaurant Inc., d/b/a Patsy's Italian Restaurant, Sal Scognamillo, Joseph Scognamillo, Lisa Scognamillo,**

Defendants.

---

24 CIV. NO. 6991/6999

**Case Management Plan and Scheduling Order**

The parties submit this [Proposed] Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on __12/12/2024__ via __email__.

2. **Summary of Claims, Defenses, and Relevant Issues:**

   Plaintiff(s):

   Plaintiffs Kreshnik Hoti and Desiart Ymeraga worked as servers at Defendants' restaurant. Plaintiffs bring two separate actions against Defendants. The first action (24-cv-6991) is a collective and class wage and hour case in which Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay them, and others similarly situated, the proper overtime premium, minimum wage, and spread of hours premium; misappropriating tips; and failing to provide adequate wage statements and notices. In addition, there are currently 3 opt-in FLSA plaintiffs in the case.

   The second action (24-cv-6999) is a race discrimination case in which Plaintiffs allege that Defendants[1] harassed them and created a hostile work environment because of their Albanian race/ethnicity in violation of 42 U.S.C. § 1981, the New York State Human Rights Law and the New York City Human Rights Law.

---

[1] Plaintiffs assert discrimination claims only against Defendant Patsy's Italian Restaurant Inc., and Defendant Sal Scongamillo.

1

<u>Defendant(s)</u>:

Defendants' primary defense in the first action is that they maintained accurate and unassailable time and pay records which conclusively demonstrate that Plaintiffs, as well as opt in Plaintiffs, have all been properly paid wages in compliance with the FLSA and the NYLL.

In the second action, Defendants deny any harassment of Plaintiffs.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

The Court original subject matter jurisdiction over both actions because Plaintiffs bring them under federal statutes. Specifically, in the wage and hour case, Plaintiffs allege violations under the Fair Labor Standards Act, and in the discrimination case, Plaintiff allege violations under 42 U.S.C. § 1981.

4. **Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>:

Plaintiff needs full discovery of Defendants' payroll records, including all wage notices, wage statements, payroll documents, tip sheets and tip records for all Plaintiffs and putative class members.

Pursuant to the Court's order requiring the parties to attend an early settlement conference, the parties have agreed to an initial production of documents sufficient for Plaintiffs to make a class-wide demand. While Defendants agreed to produce the documents during the week of December 2, Defendants have not produced any documents.

<u>Defendant(s)</u>:

Defendants will require depositions of Plaintiffs' and the opt-in Plaintiffs.

Defendants will need discovery of communications between Plaintiffs, as well as with third parties, concerning (1) allegations of harassment and hostile work environment; (2) damages for alleged discrimination and harassment; and (3) Plaintiffs' employment with other employers during and after their employment with Defendants.

5. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than <u>December 20, 2024</u>.

   a. Plaintiff(s) _____ _____will disclose by \_\_\_the 12/20/24 information required by Fed. R. Civ. P. 26(a)(1).

    **b.**    Defendant(s) __ has/have disclosed __ will disclose by  12/20/24  the information required by Fed. R. Civ. P. 26(a)(1).

**6. Amended Pleadings:**

    **a.**    No additional parties may be joined after January 1, 2025 (not including opt-in plaintiffs pursuant to 29 U.S.C. § 216(b) notice. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

    **b.**    No amended pleadings may be filed after January 1, 2025. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**7. Discovery Plan**

    **c.**    All fact discovery shall be completed by May 31, 2025.

        **d.**    Initial requests for production were/shall be served by January 1, 2025. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

        **e.**    Initial interrogatories were/shall be served by January 1, 2024. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

        **f.**    Requests to admit shall be served by April 1, 2025.

        **g.**    Depositions shall be completed by May 31, 2025

        **h.**    The parties propose the following limits on discovery:

        **i.**    Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

>   The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

**j.** The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

7. **Expert Discovery (if applicable):**

   a. The parties do not anticipate using testifying experts.

   b. Anticipated areas of expertise:

   c. Expert discovery shall be completed by  8/31/2025  .

   d. By  4/28/25  , the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

8. **Electronic Discovery and Preservation of Documents and Information:**

   a. The parties have not discussed electronic discovery.

   b. If applicable, the parties shall have a protocol for electronic discovery in place by January 15, 2024.

   c. The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

5

9. **Anticipated Motions** (other than summary judgment, if any)**:**

    Plaintiff anticipates moving for conditional certification of an FLSA collective action under 29 U.S.C. § 216(b) and for class certification under Federal Rule of Civil Procedure 23.

10. **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

    If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

    Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

11. **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

12. **Trial:**

    a.  All parties do not consent to a trial before a Magistrate Judge at this time.

    b.  The case is to be tried to a jury.

    c.  The parties anticipate that the trial of this case will require <u>3-5</u> days.

13. **Early Settlement or Resolution:**

    a.  Settlement discussions have not taken place.

6

 **b.** The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

As described previously, pursuant to the Court's order requiring the parties to attend an early settlement conference, the parties agreed that Defendants would produce the following documents, but Defendants have not yet produced any documents:

- Full Payroll reports for the named Plaintiffs and all opt-in plaintiffs for their entire employment during the six-year SOL period.

- Wage statements for the named Plaintiffs and all opt-in plaintiffs for the following sample period: 3 months (April, August, and December) per year for their entire employment during the six-year SOL period.

- All clock in/out records for the named Plaintiffs and all opt-in plaintiffs for the following sample period: 3 months (April, August, and December) per year for their entire employment during the six-year SOL period.

- Every wage notice in Defendants' possession for the named Plaintiffs and opt-in plaintiffs.

- Sample Weekly Tip Records
  - Sample Period: first week of every other month (i.e., 6 weeks per year) for entire 6-year SOL period (36 total weeks).

 **c.** The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

A settlement conference with the Magistrate Judge.

 **d.** The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

After Defendants produce the relevant documents.

 **e.** The use of any alternative dispute resolution mechanism does not

7

       stay or modify any date in this Order.

**14.    Other Matters the Parties Wish to Address (if any):**

**15.**  The Court will fill in the following:

☐  A status conference will be held before the undersigned on _____ at _____ .m.

☐  The parties shall submit a joint status letter by ___2/28/25___ no longer than __3__ pages.

Respectfully submitted this  13  day of  December , 2025

| PLAINTIFF(S): | DEFENDANT(S): |
|---|---|
| Kreshnik Hoti | Patsy's Italian Restaurant |

| ATTORNEY NAME(s): | ATTORNEY NAME(s): |
|---|---|
| /s/ Michael Digiulio | /s/ Michael D. Yim |
| 32 Broadway, Suite 601<br>New York, NY 10004 | 666 Old Country Road, Suite 202,<br>Garden City NY 11530 |
| ADDRESS | ADDRESS |
| TEL: 212-688-5640 | TEL: 516-228-3131 |
| EMAIL: mike@jk-llp.com | EMAIL: myim@franklinggringer.com |

Dated: New York, New York
 December 13, 2024

SO ORDERED.

HENRY J. RICARDO
United States Magistrate Judge